UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA RHODES,

    Plaintiff,

v.                                                     Case No: 2:17-cv-379-FtM-38CM

SAFECO INSURANCE COMPANY
OF ILLINOIS,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Tara Rhodes' Motion to Remand for Lack of § 1332(a) Diversity Jurisdiction. (Doc. 8). Defendant Safeco Insurance Company of Illinois has not filed a response, and the time to do so has expired. Thus, this matter is ripe for review.

## **BACKGROUND**

This is a suit for uninsured motorist benefits. (Doc. 2). Rhodes was injured in a car accident with an uninsured motorist. Safeco insured Rhodes' car, and the policy included uninsured motorist coverage. After receiving $10,000 from the other driver's insurance company, Rhodes filed this suit for uninsured benefits on March 9, 2017, in the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. 1 at ¶ 1; Doc. 2). The Complaint does not specify the amount of damages, but it provides that Rhodes' injuries include "bodily injury and resulting pain and suffering, disability, disfigurement, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition." (Doc. 1 at ¶ 8). The Complaint also alleges that Rhodes' "losses are either permanent or continuing in nature and [she] will suffer such losses in the future." (*Id.*).

Rhodes served Safeco in April 2017. (*Id.* at ¶¶ 1-2). Three months later, Safeco removed the case to this Court, citing diversity jurisdiction as the basis for removal. Safeco based removal on Rhodes' answer to a request for admission. Rhodes now moves to remand the case.

**DISCUSSION**

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). To have original jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See id.* § 1332(a). Because the parties do not dispute that they are citizens of different states, the only relevant issue is whether the amount in controversy exceeds $75,000. As the party seeking removal, Safeco bears the burden of establishing jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant may remove a civil action by filing a notice of removal within thirty days of receipt of the initial pleading. If the case is not removable based on the initial pleading, the defendant may file a notice of removal within

thirty days of receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). Because removal jurisdiction raises significant federalism concerns, "[t]he removal statute should be construed narrowly with doubt construed against removal." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)).

Safeco removed this action under 28 U.S.C. § 1446(b)(3), which governs removal after receipt from the plaintiff of an "other paper" demonstrating the existence of federal jurisdiction. A defendant removing under this prong cannot establish the existence of federal jurisdiction without providing facts. *See Lowery*, 483 F.3d at 1215. Labels and unsupported legal conclusions will not carry the day. *See Williams v. Best Buy*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Here, Safeco argues the amount in controversy exceeds $75,000 because Rhodes' responded in a request for admission that this case exceeds the jurisdictional threshold. (Doc. 1-4). This is alone insufficient. In *Parrish v. Sears, Roebuck, & Co.*, No. 8:10-cv-1684-T-23MAP, 2010 WL 3042230 (M.D. Fla. July 30, 2010), a slip and fall call, the court remanded and explained the following:

> neither the notice of removal nor the complaint . . . provide any underlying fact supporting the conclusion that the plaintiff suffered damages in excess of the jurisdictional amount. The sole evidence of the jurisdictional amount is an unsupported and speculative response to a request for admissions. Although the admission qualifies as an "other paper" under 28 U.S.C. § 1446(b) and activates the thirty-day removal limitation, the admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing

3

> party of the obligation to establish facts supporting the
> existence of federal jurisdiction

*Id.* at *1; *Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (stating "a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient"). This Court likewise finds that Rhodes' generic admission does not satisfy Safeco's burden. Rhodes' unspecific allegation on her injuries and her demand for the policy limits does not convince the Court that jurisdictional requirements have been met. Rhodes' admission does nothing more than state a legal conclusion and enjoys no factual support in the Notice of Removal or the Complaint. *See also Eckert*, 2013 WL 5673511, at *1 ("Allowing the parties to invoke jurisdiction by merely claiming in concert that the amount-in-controversy exceeds the jurisdiction requirement is tantamount to allowing the parties to consent to removal jurisdiction." (internal quotation and citation omitted)); *Bienvenue v. Wal-Mart Stores, East, LP*, No. 8:13-cv-1331-T-33TGW, 2013 WL 5912096, at *1 (M.D. Fla. June 19, 2013) (finding the defendant failed to establish the jurisdictional requirement based on the plaintiff's generic admission). Accordingly, the Court remands this case for lack of subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Tara Rhodes' Motion to Remand for Lack of § 1332(a) Diversity Jurisdiction (Doc. 8) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record